Kevin G. O'Haire, Esq. Informal Opinion Troy Housing Authority No. 95-19 1 High Meadow Road Troy, N Y 12180
Dear Mr. O'Haire:
You have asked whether an appointed member of the Troy City Housing Authority must reside within the City of Troy or whether residence within the County of Rensselaer is legally sufficient.
Section 3 of the Public Officers Law provides qualifications for holding public office and, in the case of a local office, requires that the office holder be a resident of the political subdivision or municipal corporation of the State for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised. These residency requirements must be met at the time of an appointment to an office and throughout the individual's tenure in office. Public Officers Law §30. A failure to comply with these residency requirements creates a vacancy in the office by operation of law. Id., § 30(1)(d).
In a prior opinion, we concluded that members of municipal housing authorities are local public officers within the meaning of section3 of the Public Officers Law and must, as a condition of eligibility, be residents of the municipality for which they are chosen. 1988 Op Atty Gen (Inf) 94; 1941 Op Atty Gen 154. A city housing authority has territorial jurisdiction that is coterminous with the territorial limits of the city. Public Housing Law § 31. Thus, members of a city housing authority must be residents of the city at the time of their appointment and throughout their tenure in office.
You have indicated that a member of the Troy Housing Authority has changed her residence from the City of Troy to the adjoining Town of Brunswick in Rensselaer County. First, we note that the term "residence" as used in sections 3 and 30 of the Public Officers Law means "domicile". 1977 Op Atty Gen (Inf) 271. While an individual can have more than one residence he or she can have only one domicile. Ibid. Domicile is largely determined by an individual's intent to make a residence his or her permanent home. Ibid. A temporary change of residence without intent to change one's domicile leaves the domicile unchanged. Ibid.
You ask whether subdivision 12 of section 3 of the Public Officers Law would allow a member of the Troy Housing Authority to reside anywhere in Rensselaer County. Subdivision 12 provides that the general residency requirements of section 3 (i.e. residence in the city)
 shall not apply to the appointment of public officers in the city of Troy, except the city manager of such city, provided that such appointed officers are residents of the county of Rensselaer.
The question is whether subdivision 12 applies to officers of the Troy Housing Authority or is limited to appointed officers serving the Troy city government.
A city housing authority is a legal entity, separate and distinct from the municipality wherein it exercises its authority. The legislative history of subdivision 12 of section 3 of the Public Officers Law indicates that the purpose of the amendment was to benefit the City of Troy by permitting its appointive officers to reside anywhere in the County of Rensselaer. Bill Jacket, L 1975, ch 347. The purpose of the amendment was to facilitate the recruitment of well-qualified appointed public officers to serve in city government. Id., Memorandum in Support of Assembly 1592 by Assemblyman Kelleher. The legislation was proposed to overcome the difficulty in the City of Troy to recruit personnel to fill the upper echelon jobs in municipal government from within the corporate limits of the city. Id., June 30, 1975 Letter to the Counsel to the Governor from John P. Buckley, City Manager, City of Troy. The legislation was passed upon the request of the City of Troy. Id., June 27, 1975 Memorandum to the Counsel to the Governor from the Secretary of State. Thus, the bill jacket clearly indicates a legislative intent to alleviate the difficulty in hiring competent persons to serve in the Troy city government.
We conclude that members of the Troy Municipal Housing Authority are required to reside in the City of Troy.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions